NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TRACIA M. PALARCHE,

               Plaintiff,

               v.

STATE OF NEW JERSEY,

               Defendant.

Civil Action No. 26-1037 (MAS) (JTQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Tracia M. Palarche's ("Plaintiff") civil complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-2). Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## I.    BACKGROUND

Plaintiff is a lifelong resident of New Jersey. (Compl. *3[1], ECF No. 1.) Plaintiff claims that throughout her life, she never noticed "the dangers right in front of [her,]" including "[a]bandoned homes, areas[,] no working sanitation[,] . . . outdated building, books, paper money with sketches[,] [f]ood from [C]hina, food in cans, motor vehicles[,] [e]nvironmental dangers[,] [f]ire

---

[1] Page numbers preceded by an asterisk refer to the page number atop the Complaint.

traps-cars, [h]omes, [a]partments, [and] appliances." (*Id.*) Plaintiff further alleges that she was "[f]inancially [e]xploited[,] [and] [e]xposed to the world." (*Id.*) According to Plaintiff, "[e]veryone saw and knew this was[ not] a place to live and yet" she was left behind with these "dangerous" conditions. (*Id.*) Plaintiff claims that these circumstances have affected her "mental status" so that her "self esteem is gone." (*Id.* at *7.) As such, Plaintiff no longer wants to go out, "[p]ass any mirrors[,] [or] [w]atch TV" and is "constantly afraid [she is] being watched [and] recorded" and is "afraid to do anything." (*Id.*) Additionally, Plaintiff suffers with "feelings of [a]bandonment daily[,] [h]umiliation[,] [and] [i]solation." (*Id.*) As a result, Plaintiff brings this action against the Defendant State of New Jersey ("Defendant"): (1) seeking "to be compensated for every year [Plaintiff has] lived" in New Jersey; (2) asking for "$1,000,000,000 in damages"; and (3) "request[ing] a name change and relocation of [her] choosing." (*Id.*)

## II.   **LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[2], a district court is required to accept as true all factual allegations in the complaint and draw all

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do[,]'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (second alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

3

## III.    DISCUSSION

In the Complaint, Plaintiff identifies 42 U.S.C. § 1983[3] as the basis for her claim against Defendant. (*See* Compl. *2.) Plaintiff names the State of New Jersey as the sole Defendant in this matter. (*See generally* Compl.) For the reasons discussed below, the Court finds that Defendant is immune from suit under the Eleventh Amendment and, therefore, Plaintiff's Complaint must be dismissed.

The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, "[t]he Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought." *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Importantly, "Section 1983 does not abrogate New Jersey's Eleventh Amendment immunity." *Serrano v. New Jersey*, No. 13-2898, 2014 WL 310178, at *2 (D.N.J. Jan. 24, 2014) (citation omitted); *see also Favoroso v. New Jersey*, No. 11-5061, 2012 WL 1372280, at *6 (D.N.J. Apr. 19, 2012) ("Section 1983 does not override a state's Eleventh Amendment immunity." (citing *Quern v. Jordan*, 440 U.S. 332 (1979))). As a result, states are not "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

---

[3] Section 1983 operates as the procedural vehicle by which a plaintiff may bring a claim for violation of constitutional rights in federal court. *See* 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

4

Defendant, the State of New Jersey, is therefore immune from suit pursuant to 42 U.S.C. § 1983 under the Eleventh Amendment.[4] Plaintiff's Complaint is, accordingly, dismissed.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (*see generally* IFP Appl., ECF No. 1-2) is granted. Plaintiff's Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.  The Court will issue an Order consistent with this Memorandum Opinion.

 

 

 

 

                                                _____
                                                **MICHAEL A. SHIPP**
                                                **UNITED STATES DISTRICT JUDGE**

Dated:  \_\_\_\_7/20/26_____

---

[4] Moreover, even if Plaintiff's Complaint had identified an individual against whom a § 1983 claim may be brought, Plaintiff otherwise fails to allege that any of her Constitutional rights were violated. (*See generally* Compl.) For example, Plaintiff states that she suffers from several mental ailments due to the circumstances of her life in New Jersey. (*Id.* at *3.) She does not, however, connect this to any specific Constitutional right that was violated. (*See generally id.*) Without more, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.